1

**PHILLIPS DAYES LAW GROUP PC**
**ATTORNEYS AT LAW**
**Suite 1500**
**3101 North Central Avenue**
**Phoenix, Arizona 85012**
**(602) 258-8900**
minute_entries@phillipslaw.com

2

3

4

5   Trey Dayes (AZ. Bar # 020805)
    treyd@phillipsdayeslaw.com
6   Dawn M. Sauer (AZ. Bar # 030271)
    dawns@phillipsdayeslaw.com
7   John L. Collins-(AZ. Bar # 030351)
    johnc@phillipsdayeslaw.com
8   Sean C Davis (AZ. Bar #030754)
    seand@phillipsdayeslaw.com
9   Attorneys for Plaintiff

10

11              **UNITED STATES DISTRICT COURT**

12                    **DISTRICT OF ARIZONA**

13

14  Neil Rose, a married man,            No.:

15              Plaintiff,                        **COMPLAINT**

16  vs.                                           **JURY DEMAND**

17  Konica Minolta Business Solutions, U.S.A.,
    Inc., a New Jersey Corporation
18

19              Defendants.

20          This is an action for violations of the Age Discrimination in Employment Act

21  ("ADEA"), 29 U.S.C. § 621 *et seq*.

22

23                    **NATURE OF THE CASE**

24      1.      Plaintiff Neil Rose was discriminated against on the basis of his age and

25  wrongfully retaliated against and terminated in violation of the ADEA.

---

2.      All conditions precedent to jurisdiction under the ADEA have been met, to wit: Plaintiff, Neil Rose ("Plaintiff" or "Mr. Rose") timely filed a charge of employment discrimination with the United States Equal Employment Opportunity Commission ("EEOC"). Plaintiff has brought this lawsuit at least after sixty days from the filing of the charge.

### JURISDICTION AND VENUE

3.      This Court has jurisdiction pursuant to 29 U.S.C. §§ 626(c), 633 of the ADEA and 28 U.S.C. § 1331.

4.      The named Defendant, by virtue of their own acts and omissions or by virtue of the acts and omissions committed by one or more of their agents, employees or representatives, as described herein, have conducted business or caused events to occur within the District of Arizona and, more particularly, within Maricopa County, Arizona, as more particularly described herein so as to give rise to both subject matter and personal jurisdiction of this Court.

5.      Venue is proper under 28 U.S.C. § 1391(b) because all of the events or omissions giving rise to the claims occurred in this District.

6.      On June 15, 2013, Plaintiff timely filed his initial charge of discrimination with the United States Equal Employment Opportunity Commission ("EEOC"), charge No. 540-2013-02607, alleging, *inter alia*, age discrimination and retaliation.

7.      Plaintiff has fully complied with all prerequisites to jurisdiction in this Court under the ADEA.

### PARTIES

8.      Plaintiff is a married man residing in Maricopa County, Arizona.

9.      At all relevant times, Plaintiff was an "employee" within the meaning of the

1   ADEA, 29 U.S.C. § 630(f).

2       10.     At the time of termination, Plaintiff was a 69 year old man.

3       11.     At all relevant times, Mr. Rose was over 40 years of age and thus is protected

4   under the ADEA, 29 U.S.C. § 631.

5       12.     At the time of his termination, Mr. Rose was employed as a district sales

6   manager for Konica Minolta Business Solutions, U.S.A., Inc.

7       13.     Konica Minolta Business Solutions, U.S.A., Inc. ("Konica Minolta") is

8   incorporated in the State of New Jersey, having its principal place of business at 100 Williams

9   Drive Ramsey, New Jersey, 20817.

10      14.     At all relevant times Konica Minolta was Plaintiff's "employer" within the

11  meaning of 29 U.S.C. § 630(b).

## GENERAL ALLEGATIONS

12      15.     Plaintiff began working for Konica Minolta in 2009 as a district sales manager

13  ("DSM").

14      16.     Plaintiff was recruited by Konica Minolta directly from a rival company. Konica

15  Minolta's management, including Alan Nielsen the executive Vice President of the dealer

16  division of Konica Minolta, knew of Plaintiff's stellar reputation in the industry of over twenty

17  (20) years.

18      17.     Plaintiff received numerous recognition awards based on the quality of his work

19  and at the time of his termination was the number one DSM in the Southern half of the region

20  and in the top three (3) of the entire region in terms of the amount of sales he was responsible

21  for.

18.   Plaintiff was never written-up or admonished for his work.

19.   In fact, Mr. Rose has had two stellar end of the year reviews. Mr Rose has also received praise from his immediate supervisor, Mr. Ron Corsentino and fellow DSM's for his #1 performance over the last 6 months of the fiscal year.

20.   Prior to termination, Mr. Rose's latest review  stated he attained a 6.4 rating out of a possible 7 in all areas of responsibility of his position as a DSM. This review was done by his immediate supervisor Mr. Ron Corsentino.

21.    In the last six months of the fiscal year 2012 he attained 133% of his machine and accessory quota and 105% of the supply quota.

22.   On April 15, 2013 Plaintiff was terminated.

23.   At the time of Mr. Rose's termination there were 27 District Sales Managers. Konica Minolta let go the oldest four. Mr. Rose was the oldest. An exhibit is attached to this Complaint with an age breakdown of the individuals Konica Minolta let go.

24.   Mr. Rose's territory was assigned to two significantly younger DSM's.

25.   Upon further information and belief, Plaintiff was replaced by an individual that is considerably younger than plaintiff without any of the requisite experience and expertise Plaintiff brought to the position.

**Exhaustion of Administrative Remedies**

26.   On June 15, 2013, Plaintiff timely filed his initial charge of discrimination with the United States Equal Employment Opportunity Commission ("EEOC"), charge No. 540-2013-02607, alleging, *inter alia*, age discrimination and retaliation. Plaintiff has brought this lawsuit at least after sixty days from the filing of the charge in accordance with 29 U.S.C. §

626(d)(1).

**COUNT ONE**
**ADEA-Discrimination**
**(Violation of 29 U.S.C. § 621 *et seq.*)**

27.     Plaintiff incorporates and adopts paragraphs 1 through 26 above as if fully set forth herein.

28.     29 U.S.C. § 623 states, in part:

> (a) **Employer Practices.** It shall be unlawful for an employer --
> (1) to fail or refuse to hire or to discharge any individual o
> otherwise discriminate against any individual with respect to his
> compensation, terms, conditions, or privileges of employment,
> because of such individual's age . . .

> (d) **Opposition to unlawful practices; participation in
> investigations, proceedings, or litigation.** It shall be unlawful for
> an employer to discriminate against any of his employees or
> applicants for employment, for an employment agency to
> discriminate against any individual, or for a labor organization to
> discriminate against any member thereof or applicant for
> membership, because such individual, member or applicant for
> membership has opposed any practice made unlawful by this
> section, or because such individual, member or applicant for
> membership has made a charge, testified, assisted, or participated
> in any manner in an investigation, proceeding, or litigation under
> this chapter.

29.     Plaintiff was and is a protected individual under the ADEA within the meaning of 29 U.S.C. § 631(a).

30.     Defendant violated the ADEA by discriminating against Plaintiff with respect to the terms and conditions of his employment and by terminating Plaintiff because of his age.

31.     As a result of this violation of the ADEA by Defendant, Plaintiff is an "aggrieved person" within the meaning of § 626 of the Act and has suffered damage for which he is

entitled to legal and to equitable relief as provided in the Act, 29 U.S.C. § 626(b) and (c) and under the FLSA, 29 U.S.C. § 216.

32.     As a result of the foregoing, Plaintiff is entitled to legal and equitable relief including compensatory damages sufficient to make Plaintiff whole for all losses suffered as a result of Defendant's unlawful discrimination, liquidated damages and to restore to his all seniority, pension and other benefits he would have had but for the unlawful discrimination is necessary and appropriate relief and will effectuate the purposes of the ADEA.

33.     Upon information and belief, Defendant's violation of the ADEA was willful so as to subject Defendant to liability for liquidated damages under 29 U.S.C. § 626(b) and 29 U.S.C. § 216 in an amount equal to Plaintiff's monetary damages.

34.     By virtue of one, more or all of the foregoing violations of the ADEA as alleged above, Plaintiff is entitled to preliminary and permanent equitable and injunctive relief, including, but not limited to, all seniority, benefits, and back pay.

35.     By virtue of one, or all of the foregoing violations of the ADEA as alleged above, Plaintiff has been damaged and suffered economic harm in the form of, but not limited to, lost wages and benefits, out-of-pocket expenses and monetary loss as well as non-economic damages all of which he is entitled to recover from Defendant plus pre-judgment interest, attorneys' fees and costs.

36.     The actions of Defendant were done in reckless indifference to Plaintiff's federally protected rights and Plaintiff is therefore entitled to recover punitive damages and exemplary damages.

## COUNT TWO
### Declaratory Judgment

37.     Plaintiffs incorporate and adopt paragraphs 1 through 36 above as if fully set forth herein.

38.     The Court also has jurisdiction to hear Plaintiff's request for declaratory relief pursuant to the Declaratory Judgment Act 28 U.S.C. §§ 2201-2202.

39.     Plaintiff may obtain declaratory relief.

40.     Defendant employed Plaintiff.

41.     Defendant is an enterprise covered by the ADEA.

42.     Plaintiff is individually covered by the ADEA.

43.     Plaintiff was discriminated against by Defendant because of his age, in violation of 29 U.S.C. § 621 et seq.

44.     Plaintiff is entitled to an equal amount of liquidated damages as Defendant's violation of the ADEA was willful.

45.     Defendant did not rely on a good faith defense in its failure to abide by the provisions of the ADEA.

46.     It is in the public interest to have these declarations of rights recorded as Plaintiff's declaratory judgment action serves the useful purposes of clarifying and settling the legal relations at issue, preventing future harm, and promoting the remedial purposes of the ADEA.

47.     The declaratory judgment action further terminates and affords relief from uncertainty, insecurity, and controversy giving rise to the proceeding.

WHEREFORE, Plaintiff prays for a judgment against the Defendants:

A.  Declaring, pursuant to 29 U.S.C. §§ 2201 and 2202 that Defendant violated the ADEA by discriminating against Plaintiff because of his age;

B.  Ordering Defendant to make Plaintiff whole for all losses he has suffered as a result of the unlawful discrimination and in order to effectuate the purposes of the ADEA;

C.  Awarding liquidated damages in an amount equal to Plaintiff's monetary damages in favor of Plaintiff against Defendant pursuant to 29 U.S.C. § 626 (b).

D.  Awarding pre-judgment interest to Plaintiff on all lost wages and other monetary damages.

E.  Awarding Plaintiff's attorneys' fees and the costs of the action against Defendant pursuant to 29 U.S.C. § 216(b) and 626(b).

F.  Granting Plaintiff such other and further relief as the court deems just and proper.

## DAMAGES

48.     As a direct and proximate result of the breach of Plaintiff's rights in each of the above mentioned claims for relief, Plaintiff sustained and continues to sustain economic and non-economic injuries including, but not limited to, loss of income, benefits, mental anguish and emotional distress. Plaintiff is entitled to compensation for the harm and damages resulting from the Defendant's unlawful acts.

WHEREFORE, Plaintiff respectfully requests that judgment be entered in his favor against Defendant:

A.      A declaration that Defendant has violated the ADEA;

B.  Preliminary and permanent injunctive relief against Defendant ordering Plaintiff's immediate reinstatement with all seniority, benefits, and back-pay; or in the alternative, providing Plaintiff with compensation and benefits he otherwise would have enjoyed through employment;

C.  An award against Defendant for compensation for lost and future wages and benefits, including pre and post judgment interest;

D.  An award against Defendant for all economic and non-economic damages;

E.  Special damages to be proven at trial;

F.  Punitive and exemplary damages to be proven at trial;

G.  Pre-judgment and post-judgment interest;

H.  An award of attorneys' fees and costs pursuant to 29  U.S.C. §§ 216(b) and 626(b);

I.  Awarding liquidated damages in an amount equal to Plaintiff's monetary damages in favor of Plaintiff against Defendant pursuant to 29 U.S.C. § 626 (b);

J.  Such other and further relief as the Court deems just and proper.

## **DEMAND FOR JURY TRIAL**

Plaintiff hereby requests that upon trial of this action, all issues be submitted to and determined by a jury except those issues expressly reserved by law for determination by the Court.

1  Dated:  January 15, 2014                    Respectfully submitted,

2                                              PHILLIPS DAYES LAW GROUP PC

3                                              /s/Trey Dayes

4                                              Trey Dayes
                                               Arizona Bar No. 020805
5                                              Email: treyd@phillipslaw.com
                                               Attorney for Plaintiff
6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25